```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| BRUCE A. SPENCER, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 07-2437 (JBS) |
| v. |  |
| CANNON EQUIPMENT COMPANY et al., | **OPINION** |
| Defendants. |  |

APPEARANCES:

Elizabeth D. Berenato, Esq.
Casey Keith Colonna, Esq.
SMITH, MAGRAM, BERENATO & MICHAUD
415 High Street
P.O. Box 603
Burlington, NJ 08016-0603
    Counsel for Plaintiff Bruce A. Spencer

Edward J. Depascale, Esq.
Avrin Slatkin, Esq.
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962
    Counsel for Defendant Cannon Equipment Company

Robert M. Goodman, Esq.
GREENBAUM, ROWE, SMITH & DAVIS, LLP
75 Livingston Avenue
Suite 301
Roseland, NJ 07068-3701
     Counsel for Defendant American Honda Motor Company, Inc.

**SIMANDLE**, District Judge:

    This matter is before the Court on Defendant Honda Motor Company, Inc.'s ("Honda") appeal of the Magistrate Judge's October 17, 2008 Order denying Defendant's unopposed motion for leave to file a third-party complaint [Docket Item 61].

Defendant asks the Court to set aside the Magistrate Judge's Order, because it is both clearly erroneous and contrary to law, pursuant to Rule 72(a), Fed. R. Civ. P. The principal issue is whether it is erroneous to deny a motion to join third parties under Rule 14(a), Fed. R. Civ. P., where the motion is made before the end of fact discovery, no deadline had been set for motions to join new parties under Rule 14(a), and no party is claiming prejudice due to delay. The Court finds that the Magistrate Judge's October 17, 2008 Order is clearly erroneous and the motion for leave to file a third-party complaint will be granted.

## I.   BACKGROUND

This suit was brought by Plaintiff Bruce Spencer, who claims that he was injured during the course of his employment due to a defective cart in which automobile parts were contained. On April 12, 2007, he filed his complaint in the Superior Court of New Jersey against Cannon Equipment Corporation, the manufacturer of the cart, and Defendant Honda, who purchased the cart from Cannon. On May 24, 2007, Defendant Honda removed the matter to this Court. After five enlargements of time, fact discovery was scheduled to be completed by September 30, 2008. No scheduling order contained a deadline for motions to amend or to join new parties pursuant to the requirements of Rule 16(b)(3)(A), Fed. R. Civ. P. On September 12, 2008, two weeks before the end of

discovery, Defendant filed the instant motion for leave to file a third-party complaint [Docket Item 50]. Defendant seeks to join TNT Logistics North America, Inc. ("TNT Logistics"), CEVA Logistics U.S., Inc. ("CEVA Logistics"), and American Home Assurance Co. ("American Home"), ABC Companies 1-10, and XYZ Companies 1-10, as third-party defendants.

As a basis for this motion, Defendant Honda argues that pursuant to a December 2004 contract ("Master Agreement") between Defendant and TNT Logistics, TNT Logistics and CEVA Logistics, as TNT Logistics' successor, are obligated to defend and indemnify Defendant against this suit. Further, according to Defendant, TNT Logistics was obligated to provide insurance coverage through its policies with American Home. Plaintiff did not oppose Defendant's motion before the Magistrate Judge and has not responded upon this appeal.

Defendant Honda argued that it was diligent in developing a basis for its proposed third-party complaint through discovery. Honda was concededly aware of its own 2004 contract with TNT Logistics and the possibility of indemnification, insurance coverage and waiver of workers' compensation lien for Plaintiff's injuries. Honda argues it was unaware of the precise manner of the happening of the accident, including TNT Logistics/CEVA's role in loading the subject cart upon its trucks at Honda's parts center in Mount Laurel, New Jersey. Honda's counsel sought

depositions in April, 2008 of the TNT/CEVA employees who were first identified in Plaintiff's answers to interrogatories in March, 2008.  The depositions were promptly noticed by Honda but adjourned three times by other counsel (Plaintiff, Cannon, or TNT/CEVA).  The first CEVA witness (Pedro Murillo) was finally deposed on June 27, 2008, and thereafter, in September, 2008, Honda had to seek court intervention to compel the remaining CEVA depositions in October, 2008.

Meanwhile, Honda tendered its claim to CEVA under the terms of the Master Agreement on July 14, 2008, and to American Home Assurance on July 25, 2008, both within a month after the Murillo deposition.  Over the next two months, neither CEVA nor American Home Assurance accepted or rejected Honda's tender.  Honda's motion was filed reasonably promptly thereafter on September 12, 2008.

On September 29, 2008, the Magistrate Judge entered an Order requiring Defendant to submit a supplemental brief demonstrating "good cause" to grant its motion.  In this brief, Defendant explained that the delay in filing its motion was due to factual investigation and waiting for a response to its tender to TNT Logistics and CEVA Logistics.  At oral argument on October 17, 2008, Defendant elaborated that it had difficulty scheduling a deposition of any CEVA Logistics employees.  (Tr. at 4-7.)  The Magistrate Judge heard argument from Defendant and proposed

third-party defendants, but Plaintiff's attorney did not appear. Then the Magistrate Judge, ruling from the bench, denied Defendant's motion for leave to file a third-party complaint on grounds of undue delay and prejudice.  (Tr. at 11-18.) Defendant's appeal followed.

**II.  DISCUSSION**

In considering an appeal of a nondispositive order by a Magistrate Judge, the Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c).

> A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is "left with the definite and firm conviction that a mistake has been committed." Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948)). A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. [Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998)]. The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).  However, "[w]here a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion." Rhett v. N.J. State, 2007 WL 1456199, **1-2, 2007 U.S. Dist. LEXIS 35350, at *4 (D.N.J. May 14, 2007).

Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008).

The purpose of Rule 14(a) is to avoid circuity of action and multiplicity of litigation.  Smithkline Beckman Corp. v. Pennex

Products Co., 103 F.R.D. 539, 541 (E.D. Pa. 1984); Feinaugle v. Pittsburgh & Lake Erie R.R. Co., 595 F. Supp. 316, 317 (W.D. Pa. 1983).  "However, joinder of third-party defendants under Rule 14 is not automatic; rather, the decision to permit joinder rests with the sound discretion of the trial court."  Remington Arms Co. v. Liberty Mut. Ins. Co., 748 F. Supp. 1057, 1068 (D. Del. 1990) (quoting Feinaugle, 595 F. Supp. at 317).  The Court therefore reviews the Magistrate Judge's order refusing to permit impleader for abuse of discretion.  Somportex Ltd. V. Philadelphia Chewing Gum Corp., 453 F.2d 435, 439 (3d Cir. 1971); see Cooper Hosp. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998) ("Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion.")  Courts have considered the following factors in exercising their discretion on whether to permit impleader under Rule 14(a): "(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff."  Ronson v. Talesnick, 33 F. Supp. 2d 347, 356 (D.N.J.  1999) (citing Erkins v. Case Power & Equip. Co., 164 F.R.D. 31, 32 (D.N.J. 1995); Con-Tech Sales Defined Benefit Trust v. Cockerham, 715 F. Supp. 701, 703 (E.D. Pa. 1989)), superseded on other grounds by N.J. Stat. Ann. § 2A:15-97.

6

In the present case, the Magistrate Judge considered the timeliness of the motion, the probability of trial delay, and the prejudice to the Plaintiff, and concluded that all these factors weighed against permitting joinder of third-party defendants at this late date.  Specifically, the Magistrate Judge noted that Defendant brought the instant motion sixteen months after Defendant removed the case to this Court, and two weeks before the fact discovery deadline, though Defendant had possessed the contract that forms the basis of its third-party complaints since December 2004.[1]  (Tr. at 13-16.)  According to the Magistrate Judge, Defendant Honda had or should have had "[a]ll discovery relevant to the claims at issue . . . long ago" and Defendant's motion could have been filed "months ago."  (Id. at 16-17.)  The Magistrate Judge further found that the proposed new defendants would require another, duplicative, round of discovery, including the re-deposition of witnesses, which would certainly delay any trial.  (Id. at 17-18.)  Finally, the Magistrate Judge concluded that Plaintiff would be prejudiced by the necessary postponement of his "ultimate day in Court."  (Id.)

Defendant asserts that there was no basis for the denial because "[Defendant's] unopposed motion did not violate any rule and was in full compliance with all scheduling orders."  (Def.

---

[1] The Magistrate Judge also emphasized that the fact that the discovery deadline had been extended five times since the start of litigation in this Court in May, 2007.  (Tr. at 13.)

7

Br. at 7.) The rule itself imposes a deadline of sorts, after which the impleading party must seek approval from the court. Rule 14(a) reads in relevant part:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. *But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer.*

Fed. R. Civ. P. 14(a) (emphasis added). Ordinarily, however, an initial scheduling order, and the amendments thereto, will have a deadline for motions to amend or to join new parties, as directed by Rule 16(b)(3)(A), Fed. R. Civ. P., which states:

> Required Contents. The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions.

Such a time period draws attention to the need to organize discovery efforts so that a timely motion for joinder may be intelligently made. The deadline also gives parties fair notice of the closing window for joinder of new parties so that they may act accordingly. Like all scheduling order deadlines, an enlargement of time for joinder motions requires a showing of good cause. See Rule 16(b)(4), Fed. R. Civ. P. In the absence of a benchmark time period in the scheduling order, the issue of timeliness under Rule 14(a) requires consideration of the reasonableness of the movant's efforts in using the allotted discovery period to identify potential new parties.

As made clear by the text of the rule, joinder under Rule 14(a) is not automatic, and does not depend only on the existence of deadlines in scheduling orders, but instead is left to the trial court's discretion. <u>Feinaugle</u>, 595 F. Supp. at 317. Indeed, there is authority to deny leave to file a third-party complaint even though the court has not previously set a deadline for such a motion. <u>See</u> <u>Remington Arms</u>, 748 F. Supp. at 1068; <u>Feinaugle</u>, 595 F. Supp. at 317. But where the denial of the Rule 14(a) motion, as here, is principally based upon findings of undue delay and prejudice to the plaintiff, those findings should be tethered to the failure of the movant to act with reasonable diligence in bringing the motion and the plaintiff's specific injury as a result of an unreasonable delay. As will be discussed below, the Magistrate Judge's findings of undue delay and prejudice are unsupported by the record and clearly erroneous, such that his opinion must be reversed.

This Court is particularly mindful of the discretion reposed in the Magistrate Judge in matters of case management, including deference to the Magistrate Judge's experience in daily confronting such decisions as circumstances arise. Motions to file a third-party complaint or to join additional parties are routinely decided by the Magistrate Judge as non-dispostive motions within the duties of 28 U.S.C. § 636(b)(1)(A) and L. Civ. R. 72.1(a)(1) & (3). The Magistrate Judge's decision upon such a

motion is generally the product of familiarity with the history and case management issues that have arisen, and the Magistrate Judge is in the better position to assess these factors, having lived with the case.  Likewise, a decision of the Magistrate Judge to uphold a scheduling deadline under Rule 16(b)(3)(A) must receive considerable deference so that the Magistrate Judge's ability to reasonably enforce his or her own orders is not impaired or second-guessed in the typical case.

This motion, and the resulting appeal, are atypical because Plaintiff does not oppose either, nor has Plaintiff cited any prejudice from this joinder of new parties, nor does the timing offend any scheduling order deadline.  In the absence of any opposition, Defendant argues that the Magistrate Judge improperly placed the burden on Defendant to show that Plaintiff would not be prejudiced if joinder is permitted.  (Def. Br. at 7-8.)  In the present case Plaintiff has not articulated a basis for prejudice from this joinder.  More importantly, it is unclear that Plaintiff will suffer any prejudice other than waiting a little longer for his day in court.  Nor can it be presumed that this wait is unjustified; the prospect of adding additional parties who may share liability for Plaintiff's injuries may be a welcome development for Plaintiff because it may provoke overall resolution without trial.  If Honda is precluded from joining these parties, the probability of trial increases because Honda

may necessarily take the risk of an adverse verdict, knowing that such a verdict will be necessary before it could seek to obtain indemnification from these parties. Thus, without any objection from Plaintiff, the Magistrate Judge clearly erred in assuming that the mere fact of delay would necessarily prejudice Plaintiff.

The probability of trial delay and complexity of trial issues must also be weighed. The Magistrate Judge correctly noted that discovery would have to be reopened for the new claims and parties, which would inevitably delay this trial. Such delay is inevitable in most if not all Rule 14 situations, since new claims and parties will increase the time to prepare for trial and the trial complexity, too. If the inevitable delay and complexity were dispositive considerations, however, few Rule 14(a) motions would be granted. Such considerations must be weighed against the alternative prospect of two separate trials and the need for attempting to coordinate, and in the end possibly consolidate, the matter for the sake of judicial economy. That weighing has not occurred here.

In the end, the motion to file a third-party complaint was made late in the fact discovery period. Whether the delay in doing so was "undue" had to be judged without the benchmark of a deadline for motions to join additional parties in any of the scheduling orders, because the Scheduling Orders were silent as

to that deadline, contrary to Rule 16(b)(3)(A), Fed. R. Civ. P., supra.  In the absence of a motion deadline, the question becomes whether Honda acted with reasonable diligence to obtain the facts necessary to state such claims, such as by scheduling the depositions of TNT/CEVA's employees with relevant knowledge, which were three times postponed by other counsel.  Such joinder would become most pertinent if Plaintiff pursued his negligence claim for the manner of loading, and less so if Plaintiff pursued only his product liability claim for a defect in the cart; Honda's motion was filed even before Plaintiff was scheduled to furnish his expert's report clarifying Plaintiff's liability theory.  With these facts in mind, the Court concludes that the Magistrate Judge's finding that the delay was undue was clearly erroneous.[2]  Without undue delay by the movant and without evidence of prejudice to Plaintiff, the Court is compelled to find that the Magistrate Judge abused his discretion when he denied Defendant's motion to file a third-party complaint.  The

---

[2] As Defendant notes, in issuing this decision, the Magistrate Judge cited a prior decision, Cincerella v. Egg Harbor Twp. Police Dep't, No. 06-1183, 2007 WL 2682965 (D.N.J. 2007), where the Magistrate Judge considered a plaintiff's motion to amend his complaint under Rule 15(a) to include additional defendants and, on facts similar to those now on appeal, granted leave to amend, finding the lapse of 15 months after answer until the motion for joinder was not undue. See Cincerella, 2007 WL 2682965, at *5 ("In the present matter, the delay between the date the complaint was originally filed and the date plaintiff's motion was filed is not a sufficient reason in and of itself to deny the motion.").

Court will grant Defendant Honda's motion and permit filing of a third-party complaint.[3]

### III. CONCLUSION

For the foregoing reasons, the Court finds that the Magistrate Judge decision to deny Defendant Honda's motion for leave to file third-party complaint was clearly erroneous and so the Court will reverse the Magistrate Judge's October 17, 2007 Order and grant Defendant Honda the opportunity to file a third-party complaint.

**June 29, 2009**            **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                              United States District Judge

---

[3] The Court agrees with the spirit of the Magistrate Judge's impatience with the progress of this case. To expedite matters, the granting of Honda's motion is accompanied by directive that Honda file its third-party complaint within seven (7) days hereof and shall perfect service of same upon the new parties within twenty (20) days hereof, and shall furnish the new parties with complete copies of all discovery and pretrial disclosures that have been exchanged in this case within thirty (30) days hereof, as set forth in the accompanying Order. The Magistrate Judge likewise remains free to impose such case management requirements, discovery limitations and deadlines as will expedite the remaining phases of this case.